**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Richard Gayer, | ) | No. CIV 07-1320-PHX-SMM |
|---|---|---|
| Plaintiff, | ) | **ORDER** |
| v. | ) | |
| COXCOM, Inc., et al., | ) | |
| Defendants. | ) | |

Currently before the Court is Defendant CoxCom, Inc.'s ("Cox") Motion to Dismiss Plaintiff's Complaint (Doc. 8) for lack of subject matter jurisdiction and failure to state a claim under Rules 12(b)(1) & (6) of the Federal Rules of Civil Procedure.  Cox contends that Plaintiff's sole federal question fails to state a claim for which relief can be granted, and this Court lacks subject-matter jurisdiction over the remaining claims in this case involving non-diverse parties.

Also before the Court is Defendant Scientific Atlanta Inc.'s (Scientific Atlanta) Motion to Dismiss Plaintiff's Complaint (Doc. 9) for lack of subject matter jurisdiction and failure to state a claim under Rules 12(b)(1) & (6) of the Federal Rules of Civil Procedure.

Finally, the Court has before it Plaintiff's Response to Defendants' Motions to Dismiss (Doc. 19), wherein Plaintiff seeks leave to file an Amended Complaint to add factual allegations, as well as an additional claim, and to amend the relief requested.

## **BACKGROUND**

Pro se Plaintiff Richard Gayer ("Gayer") is a retired California lawyer who describes

himself as having "extensive litigation experience in the Northern District of California and the Ninth Circuit." (Complaint at ¶ 1). Gayer purchased his cause of action from Charles Marquis ("Marquis"), a Cox cable television subscriber residing in Phoenix, Arizona. (*Id*.) Marquis subscribes to Cox Digital Television Service in late September, 2006, and Gayer allegedly has been complaining to Cox since late April, 2007, of problems with the audio and visual signals on Marquis' television. (*Id*. ¶¶ 1, 9). In response to Gayer's complaints, Cox allegedly replaced Marquis's set-top box at least five times. (*Id*. at ¶ 9, 10). However, Gayer allegedly remains unsatisfied with the signal quality provided by Cox. (*Id*. at ¶ 10). Gayer contends that pursuant to Marquis's contract with Cox, the set-top boxes degrade signal quality (*Id*. at ¶ 13), damaging Marquis in the amount of $22 per month  (*Id*. at page 7).  Furthermore, Gayer seeks a declaratory judgment that the signal quality on Marquis's television fails to meet applicable FCC requirements. (*Id*.)  Moreover, Gayer has sued Scientific Atlanta because it allegedly manufactured the set-top boxes provided by Cox, and he claims that the boxes are not merchantable under the Arizona U.C.C. (Comp., ¶ 13).

## DISCUSSION

In his Response to Defendants' Motions to Dismiss (Doc. 19), Plaintiff moves this Court to grant him leave to amend his Complaint to add factual allegations relating to discrimination by Cox as to signal quality and other facts relating to limitations on property owners in specific areas in Phoenix.  He also seeks leave to add a claim alleging that Cox and Scientific Atlanta are joint tortfeasors engaged in violating federal statutes and related FCC regulations, and to amend the relief requested as to Cox, Scientific Atlanta, and Co-Defendant DIMCO Communications.

Rule 15(a) provides that a "party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P.  In the present case, no responsive pleading has been served by either of the Defendants that have filed the pending Motions to Dismiss; thus, Plaintiff retains an automatic right to amend the pleadings a single

1    time.[1]

2          Accordingly,

3          **IT IS HEREBY ORDERED** that Cox's Motion to Dismiss is **DENIED** with leave to

4    refile, if necessary, based on the First Amended Complaint. (Doc. 8). [2]

5          **IT IS HEREBY ORDERED** that Scientific Atlanta's  Motion to Dismiss is **DENIED**

6    with leave to refile, if necessary, based on the First Amended Complaint. (Doc. 9).[3]

7          **IT IS FURTHER ORDERED GRANTING** Plaintiff's request to file an Amended

8    Complaint.

9          DATED this 28th day of September, 2007.

10

11

12                                        Stephen M. McNamee
                                          United States District Judge
13

14

15

16

17

18

19

20   _____

21        [1]Defendant has filed a Motion to Dismiss, which is not a responsive pleading within the
     meaning Rule 15(a).  *See e.g., Shaver v. Operating Engineers Local 428 Pension Trust Fund*,
22   332 F.3d 1198 (9th Cir. 2003).

23        [2]The filing of an amended complaint replaces the previous complaint.  Thus, the Court
24   finds it appropriate to deny the motion to dismiss without prejudice, with leave to refile if
     necessary, based on the Amended Complaint. *Armstrong v. Davis,* 275 F.3d 849 (9th 2001); *Hal*
25   *Roach Studios, Inc. v. Richard Feiner & Co., Inc.,* 896 F.2d 1542, 1546 (9th Cir. 1989); *Bullen*
     *v. De Bretteville*, 239 F.2d 824, 833 (9th Cir. 1956).
26

27        [3] *See* FN 2 *supra*.

28                                        - 3 -